IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL G. STEFANOWITZ | * | |
| v. | * | Civil Action No.  CCB-21-1692 |
| ALFRED W. REDMER, JR., et al.<br>in his individual capacity | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM

Pending before the court is a motion to dismiss (ECF 2) brought by defendants Alfred Redmer, Erica Bailey, and Tracy Dailey. The motion is fully briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will grant the defendants' motion to dismiss.

## BACKGROUND

This litigation arises from the termination of Michael Stefanowitz from his employment as an investigator for the Compliance and Enforcement Division for Producer Licensing in the Maryland Insurance Administration ("MIA"), an independent state agency tasked with regulation of Maryland's insurance industry. (ECF 3, Compl., at 2 ¶ 2; ECF 2-1, Memo. In Support of Mot. to Dismiss, at 2-3). Mr. Stefanowitz was assigned to work on a case involving the estate of Ms. Addie Belle Jones, a Maryland resident who suffered from Alzheimer's, in the spring of 2017. (ECF 2-1 at 2). After Mr. Stefanowitz drafted an order about the penalties assessed against the estate's financial planner, with which his supervisors disagreed, he was discharged from the MIA, effective January 31, 2018. (ECF 3 ¶¶ 26, 33). Mr. Stefanowitz alleges that he was wrongfully terminated for taking a position on a subject that presented a conflict of interest for certain members of the Agency. (*Id.* ¶ 40).

1

Mr. Stefanowitz originally filed suit against Alfred Redmer, the Insurance Commissioner for the MIA; Erica Bailey, the Associate Commissioner for Enforcement and Compliance; and Tracy Dailey, Director of Human Resources, in the Circuit Court for Baltimore County on June 2, 2021. The complaint contains three counts: a violation of Mr. Stefanowitz's "federal civil rights for employment," violations of Articles 24 and 26 of the Maryland Declaration of Rights, and the tort of wrongful termination. (*Id.* at 16-21). The defendants removed the case to federal court citing federal question jurisdiction on July 8, 2021.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Mr. Stefanowitz asserts several other unavailing reasons why exhaustion should not be required in the present case. First, it is of no moment that Mr. Stefanowitz was fired abruptly, without a stated reason, and without an exit conference; the circumstances of termination of an at-will employee has not been identified as a reason to waive exhaustion requirements. *See* Md. Code Ann. State Pers. & Pensions § 11-305; *Forster*, 426 Md. 565. Second, the administrative appeals system is capable of remedying meritorious claims that a former employee's termination was either illegal or unconstitutional; in fact, these are exactly the concerns the system is designed to address. The case Mr. Stefanowitz cites to support his proposition that the administrative remedy is inadequate, *Pub. Servs. Comm'n v. Wilson*, in fact upholds the dismissal of a former employee's constitutionally grounded wrongful termination claims for failure to exhaust the administrative remedy provided by state statute. 389 Md. 27, 89, 92 (2005) (holding the record of an administrative appeal to be essential to the court's understanding of the merits of the plaintiff's claims upon review). Third, the doctrine of equitable estoppel is inapplicable to the present facts, as the defendants did nothing to prevent Mr. Stefanowitz from exhausting his administrative remedy.

Thus, as he did not appeal his termination under the State Personnel and Pensions Article § 11-305, Mr. Stefanowitz's claims will be dismissed for lack of exhaustion of the administrative appeal process available to him.[1]

## CONCLUSION

---

[1] The defendants advance two other arguments (namely, that the statute of limitations has run and that Mr. Stefanowtiz failed to state a claim for which relief can be granted under either 42 U.S.C. § 1983 or the Maryland Declaration of Rights) for why either portions or the entirety of Mr. Stefanowitz's complaint should be dismissed. As the court finds that the exhaustion requirement has not been met, there is no need to reach these additional arguments.

## II. Mr. Stefanowitz Failed to Exhaust Administrative Remedies

In Maryland, if the state legislature provides a primary administrative remedy for a cause of action, it must be exhausted before a party may seek relief in a court. *Forster v. Public Defender*, 426 Md. 565, 581 (2012) (citing *Sprenger v. Pub. Serv. Comm'n*, 400 Md. 1, 24 (2007); *Prince George's Cnty. v. Ray's Used Cars*, 398 Md. 632, 651 (2007); and *Zappone v. Liberty Life Ins. Co.*, 349 Md. 45, 63 (1998)). This general rule applies in cases where former State employees bring claims for wrongful discharge against their former employers. *Forster*, 426 Md. at 576, 591.

Mr. Stefanowitz's exclusive administrative remedy is provided by Title 11 of the State Personnel and Pensions Article § 11-305, which governs the rules of termination of State employees in management and executive services, *inter alia*. Md. Code Ann. State Pers. & Pensions § 11-305. The provision states that employees subject to its terms are at-will employees who serve at the pleasure of the appointing authority and "may be terminated for any reason that is not illegal or unconstitutional, solely in the discretion of the appointing authority." *Id.* § 11-305(b). When covered employees are terminated under § 11-305(b), they may file a written appeal under § 11-305(d).

Notwithstanding that notice of the right to appeal is not required to be provided by the former state employer upon termination, *Forster*, 426 Md. at 583 and 591, Mr. Stefanowitz admits that he did not file an appeal (ECF 3 ¶ 12), but argues that exhaustion is not required because he did not receive notice of the appeal process detailed in the State Code. His own complaint, however, has attached as an exhibit his termination letter, which advises him of the state administrative process and statutory grounds for appeal. (ECF 3-1, Termination Letter ("Sections 11-305 and 11-113 of the State Personnel and Pensions Article and COMAR 17.04.05.05 C provide that you may file a written appeal of this termination.")).

3

For the reasons stated above, the court will grant the defendants' motion to dismiss. A separate Order follows.

12/8/21
Date

/s/ CCB
Catherine C. Blake
United States District Judge